UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANNY R. RICHARDS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:18-cv-00165-WTL-DLP |
| CORIZON HEALTH, KIM HOBSON, CHAVEZ, RICHARD BROWN, ARAMART FOOD SERVICE, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**Entry Screening Complaint, Dismissing Insufficient Claims,
and Directing Further Proceedings**

**I.**

The plaintiff, Danny Richards's motion to proceed *in forma pauperis*, Dkt. No. 3, is **granted**. Richards is assessed an initial partial filing fee of Five Dollars and Forty-Three Cents ($5.43). He shall have **through May 17, 2018**, to pay this sum to the clerk.

**II. Screening**

Richards is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by Richards are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III. The Complaint

Richards's claims are brought pursuant to 42 U.S.C. § 1983 against defendants Corizon Health, Kim Hobson, Dr. Chavez, Warden Richard Brown, and Aramart[1] Food Service.

The complaint alleges that medical staff prescribed steroids to him from 2008 to 2010 to treat his ulcerative colitis but medical staff never explained any potential side effects from the steroids. Specifically, he alleges that Corizon and medical staff knew diabetes was a risk of long term steroid use and that Warden Richard Brown turned a blind eye to such treatment.

He also alleges defendant Kim Hobson failed in her responsibility to treat him by withholding medical information from him and that Dr. Chavez failed to diagnose and treat his underlying medical condition of diabetes and he did not know he had diabetes until Dr. Byrd notified him.

Finally, Richards alleges that the poor quality of the food that Aramart provides the inmates contributed to him developing diabetes. He alleges that he experiences pain in his hands and feet

---

[1] The plaintiff identifies the food service company as Aramart. It is Aramark. **The clerk is instructed** to update the docket to reflect that Aramart is correctly spelled Aramark

due to his diabetes and ulcerative colitis and that the new medical care provider Wexford discontinued his pain medication. However, Wexford is not named as a defendant in this action.

In summary, Richards alleges that the medical defendants failed to properly diagnose the serious medical condition of diabetes and that Aramart provided him a poor diet. He alleges all of this violated the Eighth Amendments proscription against cruel and unusual punishment. He seeks a declaratory judgment and money damages.

## IV. Discussion of Claims

First, the complaint alleges that Corizon failed to provide him with adequate medical care to save money. Because Corizon acts under color of state law by contracting to perform a government function, i.e., providing medical care to correctional facilities, they are treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Corizon, Richards must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Corizon. Richard has alleged that this corporate defendant failed to provide him adequate medical care to save money. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017) (holding that the failure to make policy itself may be actionable conduct). However, he does not allege how specifically Corizon failed to provide him medical care. His complaint only alleges that Dr. Chavez's diagnosis of diabetes was delayed. He does not allege that once diagnosed that medical staff failed to treat it, or that Corizon had a policy to prevented medical staff from treating diabetes. As such, he fails to adequately

allege a policy claim against the corporate defendants. **The claim that Richards's Eighth Amendment rights were violated by Corizon is dismissed.**

Similarly, the claims against Aramart are dismissed. Aramart acts under color of state law by contracting to perform a government function, i.e., providing medical care to correctional facilities, they are treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Aramart, Richards must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Corizon. Richard has alleged that this corporate defendants knowingly feed him low quality food that ultimately contributed to him developing diabetes. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017) (holding that the failure to make policy itself may be actionable conduct). These allegations are in reference to his specific diagnosis of diabetes and does not adequately allege a policy claim against Aramart. **The claim that Richards's Eighth Amendment rights were violated by Aramart is dismissed.**

Third, Richards alleges that Warden Richard Brown turned a blind eye to the alleged deficient medical treatment he was receiving. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or

participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")).

Something more than generalized knowledge and inaction is required for personal responsibility. Although what additional allegations are required are case-specific, two scenarios are illustrative. First, the Warden could be actually engaged with the underlying issue such that personal responsibility is present. *See, e.g.*, *Haywood v. Hathaway*, 842 F.3d 1026, 1032-33 (7th Cir. 2016) (holding that the Warden could be held personally responsible for the harm caused by cold prison conditions because the evidence showed he "had actual knowledge of the unusually harsh weather conditions, that he had been apprised of the specific problem with the physical condition of [the plaintiff's] cell (i.e., the windows would not shut), and that, during the time period of [the plaintiff's] complaint, the warden toured the segregation unit himself"). Or second, personal responsibility can be present when the underlying issue is the direct responsibility of the individual in question, rather than one for his or her subordinates. *Compare id.*; *Gray v. Hardy*, 826 F.3d 1000, 1008 (7th Cir. 2016) (holding that the Warden was personally responsible for the alleged cell conditions, and distinguishing *Vance*, because the Warden "not only knew about the problems but was personally responsible for changing prison policies so that they would be addressed"), *with Burks*, 555 F.3d at 595 (holding that the supervisor at issue was not personally responsible; "[t]he Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.").

Here, Richards has, at most, alleged that Warden Brown was aware of Corizon's allegedly deficient medical care of his chronic conditions and no action on Warden Brown's part followed. But "inaction following receipt of a complaint about someone else's conduct is not a source of liability." *Estate of Miller v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Richards's allegations

stand in contrast to the above examples and suggest only that Warden Brown had generalized knowledge of his medical issues and failed to act. This requires the dismissal of Richards' claim against Warden Brown. *See Id.* (holding that summary judgment for the Superintendent was proper because the plaintiff's allegations—that the Superintendent "brushed off his complaints, leaving them to be handled through the chain of command"—were insufficient to demonstrate the personal responsibility necessary to state a § 1983 claim; such allegations brought the plaintiff's "claim within the scope of *Iqbal*, *Vance*, and *Burks* rather than *Haywood*"); *see also Olive v. Wexford Corp.*, 494 Fed. Appx. 671, 673 (7th Cir. 2012) ("[The plaintiff] does contend that he complained to [the head of the prison medical department] Shicker about [his treating doctor's] decisions and that Shicker did not intervene to help him. But both *Iqbal* and *Burks* hold that a supervisor is not liable just because a complaint is made and an effective solution is not forthcoming."). Accordingly, the complaint fails to state a viable § 1983 claim against Warden Brown and any claims against him are **dismissed**.

Next, Mr. Richards alleges that Nurse Hobson failed in her responsibility to treat him by withholding medical information from him. This does not state a claim for deliberate indifference because it does not recklessly endanger him. A claim of deliberate indifference requires an allegation that the conduct recklessly endangered the individual. Richards's claim against Kim Hobson does not meet this requirement. As such, Richards' Eighth Amendment claim against Nurse Hobson is **dismissed** for failure to state a claim.

Finally, Richards contents that Dr. Chavez's failure to diagnose and treat his underlying medical condition of diabetes violated the Eighth Amendment. A claim for deliberate indifference requires Richards to allege, as he has, an objectively serious medical condition. The Court accepts that diabetes is an objectively serious medical condition. *See Ortiz v. City of Chicago*, 656 F.3d

523, 527 (7th Cir. 2011). Richards's claim of deliberate indifference fails on the second element. He does not adequately allege that Dr. Chavez failure to diagnose him (prior to Dr. Byrd's diagnosis) recklessly endangered him. *Perez v. Feneglio*, 792 F.3d 768, 776 (7th Cir. 2015). He does not allege what, if any, harm came as a result of any delay. Without these or similar allegations, Richards has not stated a claim against Dr. Chavez. *See Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) (explaining that delay in treatment, rather than underlying injury, must cause "some degree of harm"). Richards did not allege that he was suffering from any typical diabetic symptoms or experiencing any ill-effects from his diagnosis. In fact, Richards filed a motion for preliminary injunction and stated he has quit taking all of his medication and eating unhealthy food and he is doing better than ever. Dkt. 6. As such, he has not alleged he suffered any harm from Dr. Chavez's alleged delay in his diagnosis. The Eighth Amendment claim against Dr. Chavez is **dismissed** for failure to state a claim.

## V. Dismissal of Complaint

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## VI. Further Proceedings

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present. Instead, the plaintiffs shall have **through May 17, 2018,** in which **to file an amended complaint.**

In filing an amended complaint, the plaintiff shall conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . . ," which is sufficient to provide the defendant with "fair notice" of

the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; and (c) the amended complaint must identify what legal injury they claim to have suffered and what persons are responsible for each such legal injury. The plaintiff must state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The plaintiff is further notified that "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint should have the proper case number, 2:18-cv-165-WTL-DLP and the words "Amended Complaint" on the first page. If an amended complaint is filed as directed above, it will be screened. If no amended complaint is filed, this action will be **dismissed** for the reasons set forth above.

### VII. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### VIII. Pending Motions

Richards's motion for assistance to serve summons, Dkt. No. 4, is **denied** as unnecessary.

Richards's motion for preliminary injunction, Dkt. No. 6, is **denied**. In the absence of a viable complaint, the motion for preliminary injunction is moot.

**IT IS SO ORDERED.**

Date: 4/18/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DANNY R. RICHARDS
866216
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Financial Deputy Clerk