UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DANNY R. RICHARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00165-WTL-DLP |
| | ) | |
| CORIZON HEALTH, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**I. Screening**

Here, the plaintiff's complaint was screened by the Court on April 18, 2018. The Court dismissed the complaint for failure to state a claim but gave the plaintiff an opportunity to file an amended complaint. *See* Dkt. No. 8. The plaintiff has filed a motion to amend complaint that the Court construes as the amended complaint. **The clerk is instructed** to docket the motion to amend complaint found at docket 10 as the amended complaint. The amended complaint is now subject to screening.

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### II. The Amended Complaint

The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 against defendants Corizon Health, Dr. Chavez, Dr. Byrd, Dr. Denning, and Wexford.

The complaint alleges that medical staff prescribed steroids to him from 2008 to 2010 to treat his ulcerative colitis but medical staff never explained any potential side effects from the steroids. This placed the plaintiff in harm's way.

Corizon and Dr. Chavez allegedly ignored the plaintiff's blood test results and denied him proper treatment for diabetes. Specifically, in November 2017, Dr. Byrd saw the plaintiff for his diabetes and recommended he be seen by a specialist. As of April 30, 2018, the plaintiff has not been seen by a specialist.

The plaintiff also alleges that Wexford is denying his request to be seen by a diabetes specialist and Dr. Jackie Denning has failed to document or treat his complaints of abdominal pain, nausea, dizziness, severe headaches, lightheadedness, shooting pain in the area of his kidneys, and vomiting.

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed, while other claims may proceed.

The complaint alleges that Corizon and medical staff knew that continuing to prescribe him steroids that long terms side effects such as diabetes would occur. He also alleges that Wexford has failed to properly treat his diabetes. Because Corizon and Wexford act under color of state law by contracting to perform a government function, i.e., providing medical care to correctional facilities, they are treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against Corizon and Wexford, Richards must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Corizon or Wexford. Richard has alleged that these corporate defendants failed to provide him adequate medical care to save money. *Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 381 (7th Cir. 2017) (holding that the failure to make policy itself may be actionable conduct). These allegations are in reference to his specific treatment and do not adequately allege a policy claim against the corporate defendants. **The claim that Richards' Eighth Amendment rights were violated by Corizon and Wexford is dismissed.**

### VI. Claims that May Proceed

The plaintiff's Eighth Amendment claim for deliberate indifference against Dr. Chavez, Dr. Byrd, and Dr. Denning **may proceed**.

### V. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Dr. Chavez, Dr. Byrd, and Dr. Denning in the manner specified by Rule 4(d). Process shall consist

of the newly docketed amended complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

## VI. Duty to Update Address

The plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

**The clerk is instructed** to update the docket to show that the defendants in this action are Dr. Chavez, Dr. Byrd, and Dr. Denning.

**IT IS SO ORDERED.**

Date: 5/14/18

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DANNY R. RICHARDS
866216
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Dr. Chavez
Medical Staff
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Dr. Byrd
Medical Staff
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Dr. Denning
Medical Staff
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Courtesy Copy:

Douglas Bitner
Katz Korin Cunningham
334 N. Senate Avenue
Indianapolis, IN 46204