UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| DANNY R. RICHARDS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 2:18-cv-00165-WTL-DLP |
| CHAVEZ, et al. | ) | |
| Defendants. | ) | |

**Entry Screening Second Amended Complaint and Directing Service of Process**

**I. Filing Fee**

On June 6, 2018, the Court directed the plaintiff to pay the initial partial filing fee of Five Dollars and Forty-Three Cents. The plaintiff is notified that the Court received the initial partial filing fee on June 5, 2018.

**II. Second Amended Complaint**

On June 4, 2018, the plaintiff filed a response to the Court's May 29, 2018, Entry directing further proceedings. In the plaintiff's response he asks that the Court reconsider its previous Entry dismissing the claims against Wexford and Corizon. He also directed the Court that he intends for the second amended complaint filed on May 16, 2018, to replace and supersede the amended complaint filed on May 14, 2018. The Court will now screen the second amended complaint filed on May 16, 2018. As such, the Court will not reconsider its previous screening entries that dismissed Wexford and Corizon as defendants.

**III. Screening**

The plaintiff is a prisoner currently incarcerated at Wabash Valley Correctional Facility ("Wabash Valley"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his second amended complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff's claims are brought pursuant to 42 U.S.C. § 1983 against defendants Corizon Health (Corizon), Dr. Chavez, Dr. Denning, and Wexford Health Sources (Wexford).

The second amended complaint alleges that defendant Dr. Chavez ignored and failed to document the plaintiff's complaints of severe headaches, episodes of fainting, loss of appetite, trouble sleeping, and his need for assistance walking and getting around. The plaintiff alleges that defendant Corizon has a policy of trying to save money and that the well-being of the inmates is not a goal. Dr. Chavez allegedly failed to perform any medical tests on the plaintiff.

Subsequently, Dr. Byrd treated the plaintiff and recommended that he be seen by a blood specialist. In January 2018, the plaintiff was treated by defendant Dr. Denning, who was employed by Wexford. The plaintiff explained all of his symptoms to Dr. Denning, including the pain he suffers as a result of ulcerative colitis. Dr. Denning determined that the plaintiff did not need to be seen by a specialist because prison medical staff diagnosed him with Type 2 diabetes, based on his blood work.

The plaintiff insisted he be seen by a specialist because he felt his long term use of steroids caused an abnormal result in his blood similar to those found in people with Type 2 diabetes.

Additionally, the plaintiff suffers from pain in and around his rectum and anus and the right side of his stomach due to his ulcerative colitis.

The plaintiff further alleges that when Wexford took over as the medical care provider for the Indiana Department of Correction, they discontinued all prescriptions for the pain medication Neurontin. The plaintiff states that Dr. Denning has prescribed many different pain medications for him, none of which work. He alleges that Dr. Denning and Wexford have exposed him to suffering by denying his request for medical treatment in order to save money.

The plaintiff seeks a declaratory judgment and money damages.

### IV. Claims that May Proceed

The plaintiff's Eighth Amendment claim for deliberate indifference against Dr. Chavez and Dr. Denning **may proceed**.

The plaintiff's policy and practice claim against Corizon and Wexford **may proceed**.

### V. Service of Process

The **clerk is designated** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendants Dr. Denning, Corizon, and Wexford in the manner specified by Rule 4(d). Process shall consist of the second amended complaint, Dkt. No. 15, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

Dr. Chavez has already appeared in this action. **He is directed** to file an answer within thirty days of the date of this Entry.

### VI. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### VII. Summary

The plaintiff's Eighth Amendment claim for deliberate indifference against Dr. Chavez and Dr. Denning **may proceed**.

The plaintiff's policy and practice claims against Corizon and Wexford **may proceed**.

**The clerk is directed** to issue process to defendants Dr. Denning, Corizon Health, and Wexford Health Sources.

**The clerk is directed** to update the docket to show that the defendants in this action are Dr. Chavez, Dr. Denning, Corizon Health, and Wexford Health Sources.

**The clerk is directed** to update the docket to show that the amended complaint appearing at docket 15 should be re-named the "second amended complaint."

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 6/13/18

Distribution:

DANNY R. RICHARDS
866216
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com

Dr. Denning
Medical Employee
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

Corizon
103 Powell Court
Brentwood, TN 37027

Wexford Health Sources
501 Holiday Drive
Foster Plaza Four
Pittsburgh, PA 15220

Courtesy Copy:

Douglas Bitner
Katz Korin Cunningham
The Emelie Building
334 N. Senate Avenue
Indianapolis, IN 46204